## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CONRAD O'BRIEN PC
Matthew H. Haverstick
Kyle M. Elliot
1500 Market Street
Centre Square West Tower, Suite 3900
Philadelphia, PA 19102-1921
Tel:  215.523.8325
Fax: 215.523.9725
*Attorneys for Defendant*
*Comtech Mobile Datacom Corporation*

| | |
|---|---|
| _____ : | **Civil Action No. 1:12-cv-00699-YK** |
| : | **ECF CASE** |
| **MICHAEL PRESCOTT,** : | |
| : | |
| **Plaintiff,** : | |
| : | **ORAL ARGUMENT REQUESTED** |
| **v.** : | |
| : | |
| **COMTECH MOBILE** : | |
| **DATACOM CORPORTATION,** : | |
| : | |
| **Defendant.** : | |
| _____: | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF MARYLAND PURSUANT TO 28 U.S.C. § 1404(A)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT .............................................................................................1

FACTUAL BACKGROUND & PROCEDURAL HISTORY .........................................................2

ARGUMENT .......................................................................................................................3

    A.   Venue in the District of Maryland Is Proper .................................................4

    B.   Transfer Will Promote The Convenience of the Parties and Witnesses And Is In the Interests of Justice ................................................................................6

          1.   Plaintiff's Choice of Venue Is Not Entitled To Any Significant Weight ..............7

          2.   Plaintiff's Claims Arose Elsewhere ..................................................9

          3.   Comtech Is Principally Located in Maryland ......................................10

          4.   While Key Witnesses Are Located In Maryland, No Known Witnesses Are Located In Pennsylvania ...........................................................11

          5.   The Sources of Proof are Most Easily Accessible in Maryland ..............................11

          6.   Public Interest Considerations Weigh In Favor Of Transferring This Action To The District Of Maryland ...........................................................12

CONCLUSION ...................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

CASES

*Allied Security Inc. v. Massey Energy Co.*,
 No. 08-337, 2008 WL 4140389 (E.D. Pa. Sept. 5, 2008) .........................................................8

*Am. Argo Corp. v. U.S. Fid. & Guar. Co.*,
 590 F. Supp. 1002 (E.D. Pa. 1984) .....................................................................................7

*Am. Envtl. Servs. v. Metalworking Lubricants Co.*,
 634 F. Supp. 2d 568 (W.D. Pa. 2009) ................................................................................11

*Bogollagama v. Equifax Info. Servs., LLC*,
 No. 09-1201, 2009 WL 4257910 (E.D. Pa. Nov. 30, 2009) ....................................................8

*Brett v. Izzi*,
 No. 1: CV-11-1528, 2011 U.S. Dist. LEXIS 127012 (M.D. Pa. Sept. 8, 2011) .............. passim

*Brown v. Maue*,
 No 1: CV-04-2647, 2005 U.S. Dist. LEXIS 37636 (M.D. Pa. June 15, 2005) .........................4

*Coppola v. Ferrellgas*,
 250 F.R.D. 195 (E.D. Pa. 2008) ......................................................................................7, 9

*Falu-Rodriguez v. Democracia USA, Inc.*,
 No. 10-3811, 2011 U.S. Dist. LEXIS 833 (E.D. Pa. Jan. 4, 2011) ...................................6, 7, 8

*Great Western Mining & Mineral Co. v. ADR Options, Inc.*,
 434 F. App'x. 83 (3d Cir. 2011) ........................................................................................6

*Helicopteros Nacionales de Colom. v. Hall*,
 466 U.S. 408 (1984) ..........................................................................................................9

*Hoffman v. Blaski*,
 363 U.S. 335 (1960) ..........................................................................................................5

*In re Amendt*,
 169 F. App'x. 93 (3d Cir. 2006) .......................................................................................6, 7

*In re United States*,
 273 F.3d 380 (3d Cir. 2001)................................................................................................4

*Int'l Shoe Co. v. Washington*,
 326 U.S. 310 (1945).............................................................................................................5

*J.L. Souser & Assocs. v. J&J Snack Food Corp.*,
 No. 06-CV-2043, 2007 U.S. Dist. LEXIS 30006 (M.D. Pa. Apr. 24, 2007) .................. 7-8, 11

ii

*Johnson v. Washington Gas Light Co.*,
  89 F. Supp. 2d 45 (D.D.C. 2000) ......................................................5

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995).........................................................4, 6, 7

*KAP Enterprises Co. v. Ursich Electric Prods., Inc.*,
  No. 06-4361, 2007 WL 1118308 (E.D. Pa.2007) ...............................12

*Lony v. E.I. Du Pont de Nemours & Co.*,
  935 F.2d 604 (3d Cir. 1991).............................................................7

*Matt v. Baxter Healthcare Corp.*,
  74 F. Supp. 2d 467 (E.D. Pa. 1999) ..............................................9, 11

*New Trail Capital v. Northwest Co.*,
  No. 07-2073, 2007 WL 2892949 (E.D. Pa. Oct. 4, 2007) ....................10

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981).........................................................................7

*Russo v. Recontrust Co.*,
  No 1: CV-08-2003, 2010 WL 703263 (M.D. Pa Feb. 25, 2010) ...............4, 10, 13

*Silva v. Md. Screen Printers, Inc.*,
  No. 1: CV-04-2018, 2005 U.S. Dist. LEXIS 41250 (M.D. Pa. Sept. 15, 2005) .......................6

*Solomon v. Cont'l Am. Life Ins. Co.*,
  472 F.2d 1043 (3d Cir. 1973)............................................................9

*Soul v. Movado Retail Group, Inc.*,
  No. 1: 06-CV-2115, 2007 U.S. Dist. LEXIS 26323 (M.D. Pa. Apr. 10, 2007) ....................5

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964) .........................................................................4

*WellPet, LLC v. Midwestern Pet Foods, Inc.*,
  No. 1: 09-cv-1556, 2009 U.S. Dist. LEXIS 117141 (M.D. Pa. Dec. 16, 2009) .......................7

*Wise v. Williams*,
  No. 1: 09-cv-1556, 2011 U.S. Dist. LEXIS 68898 (M.D. Pa. May 18, 2011) .......................7, 8

**STATUTES & OTHER AUTHORITIES**

28 U.S.C. § 1391 ......................................................................................5

28 U.S.C. § 1391(b) ..................................................................................5

28 U.S.C. § 1404(A) ..........................................................................passim

iii

29 U.S.C. § 621 *et seq.*........................................................................................................5

29 U.S.C. § 633a(c)..............................................................................................................5

42 U.S.C. § 12101 et seq......................................................................................................5

Americans with Disabilities Act of 1990 ("ADA")...........................................................2, 3, 5, 12

6544/21989-108 current/29066502v6

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF MARYLAND PURSUANT TO 28 U.S.C. § 1404(A).

For the reasons stated below, Defendant Comtech Mobile Datacom Corporation ("Comtech" or "Defendant") respectfully moves to transfer the above-captioned action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Maryland.

### PRELIMINARY STATEMENT

This action, which involves a dispute concerning the termination of plaintiff's employment with Comtech, headquartered in Germantown, Maryland, has no connection to this district.

Until the termination of his employment in 2011, Plaintiff Michael Prescott ("Prescott" or "Plaintiff") was employed by Comtech – *in Colorado and Maryland*. (Declaration of Charles Cosgrove ("Cosgrove Decl.") ¶¶ 8-10.))  Mr. Prescott currently resides in Colorado, and not in Pennsylvania .  (*See* Complaint ("Compl.") ¶ 8.)  None of the conduct or events that are alleged to be the basis for Plaintiff's claims occurred in Pennsylvania.  Accepting for the purposes of this motion the facts as alleged in the Complaint, none of the potential witnesses either resides or works in this district and none of the possibly relevant documents are located here.  Tellingly, at no point in the Complaint does Plaintiff even allege that he personally spent any working time in Pennsylvania.   Instead, Plaintiff concedes that his work required him to travel to the corporate office in Maryland.  (Compl. ¶ 14.)

And, while Comtech allegedly had one customer/supplier residing in Camp Hill, Pennsylvania (Compl. ¶¶ 6, 9; *but see* Cosgrove Decl. ¶¶ 5-7), that connection was

1

entirely unrelated to plaintiff's job duties while he was employed by Comtech in Colorado or Maryland. Further, as it is undisputed that Comtech's corporate headquarters and principal place of business are located in Germantown, Maryland, the United States District Court for the District of Maryland would have personal jurisdiction over Comtech and is a forum in which this action could have been brought.

Based upon these undisputed facts, and under well-settled standards, this action – in which the complaint purports to assert claims under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA") (Compl. ¶ 2) – should be transferred to the United States District Court for the District of Maryland.

A district court has the authority to transfer an action to another appropriate district for the convenience of the parties and the witnesses and in the interest of justice. Here, the District of Maryland, if not the only appropriate venue for this litigation, is far more appropriate than the Middle District of Pennsylvania, which has no nexus to the instant matter. Accordingly, Comtech's motion to transfer this action to the District of Maryland should be granted.

## FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff is a resident of Castle Rock, Colorado. (Compl. ¶ 8.) Plaintiff began his employment with Defendant as a sales manager on December 1, 2009. (Compl. ¶ 13.) Plaintiff maintained a national sales territory, which required him to travel to visit accounts and included frequent travel to the corporate office in Maryland. (Compl. ¶ 14.) Plaintiff also asserts that he attended review meetings at Defendant's headquarters in Maryland, which were held as often as twice a month. (Compl. ¶ 19.) The Complaint

makes no mention of any business travel (regular or otherwise) by Plaintiff to the Middle District of Pennsylvania.

Plaintiff was notified that he was being laid off on April 12, 2011. (Compl. ¶ 28; Cosgrove Decl. ¶13.)  Following the termination of his employment, Plaintiff filed a charge of age and disability discrimination with the Equal Employment Opportunity Commission's ("EEOC") Denver, Colorado district office.  The Colorado office of the EEOC issued the Plaintiff a "Right-To-Sue" letter on February 29, 2012. (Compl. ¶ 4.)

Plaintiff filed the Complaint in the instant case on April 16, 2012, alleging violations of the ADA and the ADEA. (Compl. ¶¶ 1-4.)  Plaintiff alleges that he was terminated because of his age, and because of the medical condition he had been diagnosed with in December 2010, Myelodysplastic Syndrome. (Compl., Counts I-IV.)

Plaintiff alleges in his Complaint that venue is proper in the Middle District of Pennsylvania because this District has personal jurisdiction over the matter, due to the fact that Defendant "places product in such channels of commerce where it was reasonably foreseeable that it would enter the District within the Commonwealth of Pennsylvania." (Compl. ¶¶ 6, 9.)  The Complaint does not allege that any individuals relevant to the instant action reside in the District, nor does it allege that any events giving rise to the claims occurred in the District.

## **ARGUMENT**

As demonstrated below, this Court should exercise its broad discretion and transfer this action to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) vests a district court with broad authority to transfer an action to a more appropriate district "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878-79 (3d Cir. 1995). The purpose of § 1404(a) is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964); *Russo v. Recontrust Co.*, No 1: CV-08-2003, 2010 WL 703263 (M.D. Pa Feb. 25, 2010); *Brown v. Maue*, No 1: CV-04-2647, 2005 U.S. Dist. LEXIS 37636, at *1 (M.D. Pa. June 15, 2005). "While the burden [for a change of venue] is on the defendant, the defendant is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district." *In re United States*, 273 F.3d 380, 388 (3d Cir. 2001) (internal quote omitted).

This Court's inquiry in a motion to transfer is two-fold. First, it must determine "whether the proposed transferee district is one in which the plaintiff could have filed the action." *Russo*, 2010 WL 703263, at *2 (quotations marks and citation omitted). Second, the Court must conclude whether the case should be transferred based on the convenience of the parties, the convenience of the witnesses, and the interests of justice based on a balancing test weighing both private and public interests. *Id.* Both of these standards are more than satisfied here; and, accordingly, Comtech's motion to transfer this case to the District of Maryland should be granted.

## A.  Venue in the District of Maryland Is Proper.

To show that an action "might have been brought" in the transferee court for purposes of Section 1404(a), a defendant must show that (1) venue is proper in the

4

proposed transferee court; (2) the transferee court could exercise subject matter jurisdiction; and (3) the transferee court could exercise personal jurisdiction. *Hoffman v. Blaski*, 363 U.S. 335, 342-44 (1960).  All three requirements are met here.

First, under 28 U.S.C. § 1391(b), venue is proper "where any defendant resides, if all defendants reside in the same State."  Here, Comtech, the lone defendant in this action, maintains its principal place of business and corporate headquarters in Germantown, Maryland, within the District of Maryland.  (*See* Compl. ¶ 19 ; Cosgrove Decl. ¶ 3).  Furthermore, in an action brought under the ADEA or ADA, venue is proper in any court with competent jurisdiction.  29 U.S.C. § 633a(c); *see* 42 U.S.C. § 12101 et seq.; *Soul v. Movado Retail Group, Inc.*, No. 1: 06-CV-2115, 2007 U.S. Dist. LEXIS 26323, at *9-10 (M.D. Pa. Apr. 10, 2007) (stating that since the ADEA does not contain a specific venue provision, venue for ADEA claims is governed by 28 U.S.C. § 1391); *see, e.g.*, *Johnson v. Washington Gas Light Co.*, 89 F. Supp. 2d 45, 47 (D.D.C. 2000) ("An action under the [ADEA] may be brought in a judicial district where 'any defendant resides' or where a 'substantial part of the events … giving rise to the claim occurred'") (*quoting* 28 U.S.C. § 1391(b)[1]).

Second, the District of Maryland would have subject matter jurisdiction because this case presents (or, at least, purports to present) a federal question arising under the ADEA, 29 U.S.C. § 621 *et seq.* and the ADA, 42 U.S.C. §12101 *et seq.*  (Compl. ¶ 1.)

Finally, the District of Maryland can exercise personal jurisdiction over Comtech, because Comtech is licensed to do business there, resides there, and in fact does business in the state of Maryland.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see*

---

[1] The statute also provides that an action may be brought in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

*also Great Western Mining & Mineral Co. v. ADR Options, Inc.*, 434 F. App'x. 83, 86 (3d Cir. 2011); *Silva v. Md. Screen Printers, Inc.*, No. 1: CV-04-2018, 2005 U.S. Dist. LEXIS 41250 (M.D. Pa. Sept. 15, 2005).

Because there is no question that this action "might have been brought" in the District of Maryland, the only remaining issue is whether the convenience of the parties and witnesses and the interest of justice favor transfer. For the reasons set forth below, the District of Maryland is the most appropriate, if not the only appropriate, venue.

### B. Transfer Will Promote The Convenience of the Parties and Witnesses And Is In the Interests of Justice.

While there is no connection between Plaintiff, the claims he asserts and the Middle District of Pennsylvania, several factors favor the transfer of this case to the District of Maryland.

On motions to transfer, courts in the Third Circuit have weighed a variety of private and public interest considerations. The private interest considerations include (i) the plaintiff's choice of forum, (ii) the defendant's choice of forum, (iii) where the claim arose, (iv) the convenience of the parties (as indicated by their relative physical and financial conditions); (v) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (vi) the location of books and records, similarly limited to the extent that the files could not be produced in the alternative forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *In re Amendt*, 169 F. App'x. 93 (3d Cir. 2006); *Brett v. Izzi*, No. 1: CV-11-1528, 2011 U.S. Dist. LEXIS 127012, at *23-24 (M.D. Pa. Sept. 8, 2011); *Falu-Rodriguez v. Democracia USA, Inc.*, No. 10-3811, 2011 U.S. Dist. LEXIS 833 (E.D. Pa. Jan. 4, 2011). The public

6

interest considerations include (i) the enforceability of the judgment; (ii) practical considerations that could make the trial easy, expeditious, or inexpensive; (iii) the relative court congestion in the competing courts; (iv) the local interest in deciding local controversies at home; and (v) the public policies of the fora. *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873 (3d Cir. 1995); *In re Amendt*, 169 F. App'x. 93 (3d Cir. 2006); *Brett v. Izzi*, No. 1: CV-11-1528, 2011 U.S. Dist. LEXIS 127012, at *23-24 (M.D. Pa. Sept. 8, 2011); *Falu-Rodriguez v. Democracia USA, Inc.*, No. 10-3811, 2011 U.S. Dist. LEXIS 833 (E.D. Pa. Jan. 4, 2011).

### 1.  Plaintiff's Choice of Venue Is Not Entitled To Any Significant Weight.

In the circumstances here, Plaintiff's choice of venue is entitled to little, if any, significant weight.  Usually, a plaintiff's choice of venue, particularly when the plaintiff files suit in its home forum, is entitled to "considerable deference."  *Coppola v. Ferrellgas*, 250 F.R.D. 195, 197-198 (E.D. Pa. 2008) (*quoting Am. Argo Corp. v. U.S. Fid. & Guar. Co.*, 590 F. Supp. 1002, 1004 (E.D. Pa. 1984)); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-256 (1981); *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 609 (3d Cir. 1991); *see Wise v. Williams*, No. 1: 09-cv-1556, 2011 U.S. Dist. LEXIS 68898, at *29 (M.D. Pa. May 18, 2011) (a plaintiff's choice of forum usually enjoys a strong presumption in its favor, but this choice is "given less deference where the plaintiff chooses a forum outside of its state of residence"); *WellPet, LLC v. Midwestern Pet Foods, Inc.*, No. 1: 09-cv-1556, 2009 U.S. Dist. LEXIS 117141 (M.D. Pa. Dec. 16, 2009).

Here, however, *"the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district."  J.L.*

7

*Souser & Assocs. v. J&J Snack Food Corp.*, No. 06-CV-2043, 2007 U.S. Dist. LEXIS

30006, at *9-10 (M.D. Pa. Apr. 24, 2007) (emphasis added); *Allied Security Inc. v.

Massey Energy Co.,* No. 08-337, 2008 WL 4140389, at *3 (E.D. Pa. Sept. 5, 2008) ("[I]t

is clear that Pennsylvania's ties to this litigation are minimal, and consequently, the

deference afforded to Plaintiff's choice of a Pennsylvania forum is reduced."); *see also*

*Falu-Rodriguez v. Democracia USA, Inc.*, No. 10-3811, 2011 U.S. Dist. LEXIS 833, at

*5-6 (E.D. Pa. Jan. 4, 2011).

　　　　Similarly, that Plaintiff has chosen to litigate away from his own home turf is also

critical to the Court's analysis. As other courts have found, "absent a legitimate, rational

reason, if the plaintiff chooses to litigate away from his or her 'home turf,' the

defendant's burden is lessened." *Falu-Rodriguez*, 2011 U.S. Dist. LEXIS 833, at *5-6;

*see Wise*, 2011 U.S. Dist. LEXIS 68898. In situations as here where the plaintiff has to

travel a long distance regardless of whether the action is transferred or not, courts place a

greater emphasis on the convenience of the defendant. *See Bogollagama v. Equifax Info.*

*Servs., LLC*, No. 09-1201, 2009 WL 4257910, at *4 (E.D. Pa. Nov. 30, 2009)

(transferring action from Eastern District of Pennsylvania to Northern District of Georgia

for the convenience of the Georgia-based defendant, when plaintiff lived in California).

　　　　As in the cases cited above, and based upon the facts already outlined, this forum

is not Plaintiff's "home" forum. To be sure, the Middle District of Pennsylvania has no

factual nexus to the case, no meaningful ties to the controversy, and no particular interest

in the parties or the subject matter.

　　　　Neither the fact that Comtech has a customer or supplier in Pennsylvania (the

only basis proffered by the Complaint for Plaintiff's selection of forum – *see* Compl. ¶¶

8

6, 9), nor that the office of Plaintiff's attorney is located in the Middle District of

Pennsylvania, is sufficient to justify Plaintiff's inappropriate forum selection.

*Helicopteros Nacionales de Colom. v. Hall*, 466 U.S. 408, 417-418 (1984) (finding that

business purchases, even at regular intervals, are not enough to warrant a State's assertion

of personal jurisdiction over a nonresident corporation in a cause of action not related to

those purchase transactions); *Coppola v. Ferrellgas*, 250 F.R.D. 195, 199 (E.D. Pa. 2008)

(holding that the convenience of counsel is not a factor relevant to deciding a § 1404(a)

motion); *Matt v. Baxter Healthcare Corp.*, 74 F. Supp. 2d 467, 469 (E.D. Pa. 1999)

(where defendants' motion to transfer was granted because the interests of justice, the

convenience of the parties, and the convenience of the witnesses militated towards

transferring the case to another district court, even though plaintiff's counsel was located

in the district) (citing *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir.

1973).

     While Plaintiff's failure to show any relevant connection to the Middle District of

Pennsylvania undermines whatever deference might be afforded to his choice of forum,

there are several factors that militate in favor of Defendant's choice of forum.

     **2.      Plaintiff's Claims Arose Elsewhere.**

     Plaintiff alleges no facts in his Complaint suggesting that his claims arose in the

Middle District of Pennsylvania.  He was employed in Colorado and Maryland.  His

employer was headquartered and operated principally from Germantown, Maryland.  He

personally traveled to Maryland regularly for business.  He reported to CMDC that he

maintained residences in Maryland at various points during his employment.  He reported

to supervisors in Maryland. (Cosgrove Decl. ¶¶ 3, 9, 10.)  It was Plaintiff's performance

9

issues in Colorado and Maryland that were the basis for the termination of his employment; and the persons with knowledge concerning Plaintiff's work performance reside and/or were employed in Maryland.  Tellingly, it was the *Denver*, *Colorado* office of the EEOC (and not the Commission's office in Pennsylvania) in which Plaintiff chose to file and process his charge of discrimination.

Indeed, there exists no scenario under which Plaintiff could allege that his claims arose in the Middle District of Pennsylvania or that the decision to terminate his employment was made in this district.  In these circumstances, the Court should transfer this case to the District of Maryland.  *Brett v. Izzi*, No. 1: CV-11-1528, 2011 U.S. Dist. LEXIS 127012, at *24 (M.D. Pa. Sept. 8, 2011) ("[s]ignificantly, none of the alleged conduct giving rise to [plaintiff's] claims against [defendant] occurred in the Middle District of Pennsylvania").  *New Trail Capital v. Northwest Co.*, No. 07-2073, 2007 WL 2892949, at *5 (E.D. Pa. Oct. 4, 2007) (transferring venue to the Southern District of New York and noting "[c]entral to this Court's inquiry is the fact that all the operative events giving rise to Plaintiff's claims occurred in New York"); *see also Russo,* 2010 WL 703263, at *5 (holding that "where, as here, the crux of the case has its locus in the proposed transferee forum, a change of venue is appropriate").

### 3.      Comtech Is Principally Located In Maryland.

Comtech's principal place of business and corporate headquarters is located in Germantown, Maryland. (Cosgrove Decl. ¶ 3.)  It is, of course, far more convenient for Comtech, and/or its corporate representatives, to appear in court in Maryland than in the Middle District of Pennsylvania. (Cosgrove Decl. ¶¶ 16-18.)  Plaintiff has not pled that he resides, works, and/or maintains any other connection to the Middle District of

10

Pennsylvania.  Thus, the convenience of the parties in this case favors transfer to the District of Maryland.  *See J.L. Souser & Assocs. v. J&J Snack Food Corp.*, No. 06-CV-2043, 2007 U.S. Dist. LEXIS 30006, at *9-10 (M.D. Pa. Apr. 24, 2007) (defendant's choice of forum accorded more weight when none of the operative facts giving rise to an action occurred in plaintiff's preferred forum).

> **4.** **While Key Witnesses Are Located In Maryland, No Known Witnesses Are Located In Pennsylvania.**

"The convenience of the witnesses…is [a] particularly significant [factor]."  *Matt v. Baxter Healthcare Corp.*, 74 F.Supp.2d 467, 469 (E.D. Pa 1999).  The potential witnesses in the instant action are current or former Comtech employees who worked at or reported into corporate headquarters in Maryland (Cosgrove Decl. ¶¶ 16-18.)  Indeed, there are no known potentially relevant witnesses within the Middle District of Pennsylvania (Cosgrove Decl. ¶ 18.)  *See Brett*, 2011 U.S. Dist. LEXIS 127012 (motion to transfer granted where none of the witnesses were located in this District).

Moreover, courts have found that practical considerations weigh in favor of a transfer where, if a case were not transferred, both parties would be forced to litigate outside of their home forum, and all key witnesses would be required to travel.  *See Am. Envtl. Servs. v. Metalworking Lubricants Co.*, 634 F. Supp. 2d 568, 577 (W.D. Pa. 2009) (motion to transfer denied in part based on the fact that a transfer would force both parties to litigate outside of their home forum, and the court preferred to litigate in at least one parties home forum rather than a forum foreign to both parties).  Accordingly, the convenience of the witnesses in this case favors transfer to the District of Maryland.

11

**5.      The Sources of Proof are Most Easily Accessible in Maryland.**

The sources of proof relevant to all of Plaintiff's claims would require documentation and witnesses from Maryland, where Comtech's headquarters and principal place of business are located.  To the extent there are any relevant personnel records concerning Plaintiff, they are located in Maryland (Cosgrove Decl. ¶ 16.)  Any additional books and/or records that may be necessary to the case are also located in Maryland.  *Id.  See Brett*, 2011 U.S. Dist. LEXIS 127012 (motion to transfer granted where none of the records regarding plaintiff's claims were located within the District).

**6.      Public Interest Considerations Weigh In Favor Of Transferring This Action To The District Of Maryland.**

The less significant "public factors" noted *supra* (at Section B), either weigh in favor of transfer, or are neutral under the circumstances.[2]  Notably, *none* of the public interest factors weigh in favor of maintaining this action within this District.

Most critically, "the practical consideration[s] that could make the trial easier or less expensive and local interests in deciding local controversies" weigh heavily in favor of transfer to the District of Maryland.  *See KAP Enterprises Co. v. Ursich Electric Prods., Inc.,*  No. 06-4361, 2007 WL 1118308, at *1 (E.D. Pa.2007).  Given the location of the potential witnesses, records, and sources of proof implicated, a transfer to the District of Maryland will certainly make it will be more convenient and less expensive to

---

[2] The public factor concerning the enforceability of the judgment is likely a neural factor at best. Moreover, inasmuch as the case arises under the federal ADEA and ADA, questions as to the trial judge's familiarity with applicable state law is not material to this analysis.  Further, as this Court is well aware, the Middle District of Pennsylvania has had two vacancies on the bench since April 2010, and another Judge recently entered judicial duty on November 10, 2011.  Thus, to the extent that the congestion of the courts' dockets are similar, the Middle District of Pennsylvania's overextended resources should be preserved for cases and controversies that properly belong before the Middle District.

try the case in the home town of one party – as opposed to a forum of which none of the parties is connected.  *See Brett*, 2011 U.S. Dist. LEXIS 127012.

Finally, the local interest factor also favors a transfer.  Indeed, the instant case cannot be characterized as a "local" controversy.  The events underlying Plaintiff's claims occurred in Maryland (or in Colorado).  But none of the allegedly unlawful conduct took place in the Middle District of Pennsylvania; and therefore, the Middle District of Pennsylvania has no local interest in the controversy.  *See generally*, *Ruso, supra.*

Taken together, and weighed against the absence of any nexus to the Middle District of Pennsylvania, these factors favor transfer of this proceeding to the District of Maryland.

## **CONCLUSION**

The purpose behind 28 U.S.C. § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.  Consistent with this principle, this proceeding should be transferred to the United States District Court for the District Maryland because venue is proper in that district, and transfer would fully serve the interests of justice and the convenience of the parties and the witnesses.

Dated:  June 8, 2012

Respectfully submitted,

CONRAD O'BRIEN

By:  **/s/ Matthew H. Haverstick**

Matthew H. Haverstick
Kyle M. Elliot
1500 Market Street

13

Centre Square West Tower, Suite 3900
Philadelphia, PA 19102-1921
(215) 523-8325

*Of Counsel:*

PROSKAUER ROSE
Allan H. Weitzman
Ian C. Schaefer
11 Times Square
New York, New York 10036
(212) 969-3000

Attorneys for Defendant

14