# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL PRESCOTT,** : | Civil Action No. 1:12-cv-00699-YK |
| : | **(CHIEF JUDGE KANE)** |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | |
| **COMTECH MOBILE** : | |
| **DATACOM CORPORTATION,** : | |
| : | |
| **Defendant.** : | |
| : | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Comtech Mobile Datacom Corporation ("Comtech" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff Michael Prescott's ("Plaintiff") Complaint (the "Complaint"), and states as follows:

1. To the extent that paragraph 1 of the Complaint merely describes the nature of this lawsuit, no answer is necessary. To the extent that an answer is necessary, Defendant denies each and every allegation contained therein.

2. To the extent that paragraph 2 of the Complaint merely describes the jurisdictional basis of this lawsuit, no answer is necessary. To the extent an answer is necessary, Defendant denies each and every allegation contained therein.

3. Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

4. Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that the EEOC issued a Right To Sue letter dated February 29, 2012.

5. Denies each and every allegation contained in paragraph 5 of the Complaint.

6. Denies each and every allegation contained in paragraph 6 of the Complaint.

7. To the extent that paragraph 7 of the Complaint demands that this case be tried by a jury, no answer is necessary. To the extent an answer is necessary, Defendant denies each and every allegation contained therein.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint, except admits that Plaintiff is an adult male.

9. Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Defendant engages in limited business in the Commonwealth of Pennsylvania.

10. Admits the allegations contained in paragraph 10 of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that throughout Plaintiff's employment, Comtech employed twenty (20) or more employees.

## RESPONSE TO FACTUAL ALLEGATIONS

12. Defendant repeats and realleges its response to each of the allegations contained in paragraphs 1-11 of the Complaint as though set forth fully herein. Answering further, Defendant denies each and every allegation as stated in this paragraph of the Complaint.

13. Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Plaintiff was hired by Comtech to serve as Sales Manager, Government and SENS Sales, and began working on December 1, 2009.

14. Admits the allegations contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that pursuant to his offer letter dated October 27, 2009, Plaintiff was eligible to participate in Comtech's Employee Stock Purchase Plan after one year of employment, unrelated to his 2010 performance review.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Plaintiff was asked to interview Steve Katz.

24. Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Steve Katz was hired in February 2011, and that Plaintiff reported to Katz.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint, and except admits that Plaintiff was notified of his layoff on or about April 12, 2011, and further states that his official termination date was May 2, 2011.

29. Admits the allegations contained in paragraph 29 of the Complaint.

## RESPONSE TO COUNT I

30. Defendant repeats and realleges its response to each of the allegations contained in paragraphs 1-29 of the Complaint as though set forth fully herein.

Answering further, Defendant denies each and every allegation as stated in this paragraph of the Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

### **RESPONSE TO COUNT II**

36. Defendant repeats and realleges its response to each of the allegations contained in paragraphs 1-35 of the Complaint as though set forth fully herein. Answering further, Defendant denies each and every allegation as stated in this paragraph of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

## RESPONSE TO COUNT III

41. Defendant repeats and realleges its response to each of the allegations contained in paragraphs 1-40 of the Complaint as though set forth fully herein. Answering further, Defendant denies each and ever allegations as stated in this paragraph of the Complaint.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

## RESPONSE TO COUNT IV

45. Defendant repeats and realleges its response to each of the allegations contained in paragraphs 1-44 of the Complaint as though set forth fully herein. Answering further, Defendant denies each and every allegation as stated in this paragraph of the Complaint.

46. Admits the allegations contained in paragraph 46 of the Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief set forth in the Wherefore clause following paragraph 50 of the Complaint.

## FIRST GENERAL DEFENSE

Unless otherwise specifically admitted herein, Defendant denies each and every allegation in the Complaint and demands strict proof thereof.

## SECOND GENERAL DEFENSE

Defendant reserves its right to supplement and/or amend its Answer and Affirmative Defenses upon receiving additional information and documentation concerning Plaintiff's allegations.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint and without conceding that Defendant bears the burden or proof or persuasion as to any of them, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or statutory periods for filing an administrative charge of discrimination and/or by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims of discrimination are limited by the scope of the Charge of Discrimination he filed with the EEOC.

**FOURTH AFFIRMATIVE DEFENSE**

All actions by Defendant toward Plaintiff were lawful and were made in good faith compliance with applicable provisions of all federal, state, and local laws, rules and regulations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because plaintiff was not disabled within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Defendant was required by law to provide Plaintiff with a reasonable accommodation for an alleged disability, which Defendant denies, Defendant complied fully with its legal obligations.

**SEVENTH AFFIRMATIVE DEFENSE**

The damages recoverable by Plaintiff, if any, are limited by the applicable statutes under which he seeks relief.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his damages.

### NINTH AFFIRMATIVE DEFENSE

Comtech's actions with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, non-prohibited reasons and/or for good cause.

### TENTH AFFIRMATIVE DEFENSE

To the extent Defendant was motivated in part by unlawful reasons (which Defendant denies), it would have taken the same actions with respect to Plaintiff for lawful, nondiscriminatory reasons.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, as to any matters: (i) not contained in Plaintiff's administrative charge filed with the Equal Employment Opportunity Commission; (ii) for which no Right To Sue letter has been issued and/or (iii) for which Plaintiff failed to exhaust administrative remedies.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff suffered damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or actions of others over whom Defendant exercised no control.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for compensatory and/or punitive damages are barred, in whole or in part, because Comtech's alleged conduct did not rise to the required level of culpability to justify an award of such damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, Defendant has engaged in good faith efforts to comply with all laws prohibiting discrimination, harassment and/or retaliation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional defenses as information is gathered during discovery.

**WHEREFORE**, Defendant, having fully answered the Complaint and raised legal defenses thereto, requests that the instant action be dismissed in its entirety, with prejudice, as to wit; and requests that costs, including reasonable attorneys' fees, be awarded to Defendant.

Dated:  June 8, 2012

                                        CONRAD O'BRIEN

By:  **/s/ Matthew H. Haverstick**

                    Matthew H. Haverstick
                    Kyle M. Elliott
                    1500 Market Street
                    Centre Square West Tower, Suite 3900
                    Philadelphia, PA 19102-1921
                    (215) 523-8325

                    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 8th day of June, 2012, a true and correct copy of the Answer was served via the Court's Electronic Case Filing System on the following:

Michael J. Crocenzi, Esquire
Goldberg Katzman, P.C.
4250 Crums Mill Road
Suite 301
Harrisburg, PA 17112

*Attorney for Plaintiff Michael Prescott*

s/ Mathew H. Haverstick<br>Mathew H. Haverstick, Esquire