IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL PRESCOTT,<br>    Plaintiff<br><br>    v.<br><br>COMTECH MOBILE DATACOM<br>CORPORATION,<br>    Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     No. 1:12-cv-00699<br><br>    (Chief Judge Kane) |

## MEMORANDUM ORDER

Before the Court is Defendant Comtech Mobile Datacom Corporation's motion to transfer venue. (Doc. No. 9.) Defendant argues that venue in the District of Maryland is proper and transfer to that district will promote the convenience of the parties and witnesses and is in the interest of justice. Plaintiff opposes the motion. (Doc. No. 17.) For the reasons that follow, the Court will grant the motion and transfer the case to the District of Maryland.

### I.   BACKGROUND

Plaintiff initiated this action by filing a complaint on April 13, 2012, alleging violations of the Americans with Disabilities Act ("ADA") (Counts I, II, and III), and Age Discrimination in Employment Act ("ADEA") (Count IV). (Doc. No. 1.) Plaintiff, who resides in Colorado, was employed by Defendant as a sales manager from December 2009 until he was terminated in April 2011. (Id. ¶¶ 8, 13, 28.) Defendant is a business that is headquartered in Maryland, which allegedly maintains a relationship with a customer in Camp Hill, Pennsylvania. (Id. ¶ 9.) Plaintiff alleges that Defendant discriminated against him due to his physical impairment, caused by blood cancer, and due to his age. (Id. ¶¶ 30-50.) Plaintiff alleges that, in his position as a sales manager, he maintained a national sales territory, which required him to travel and visit

accounts and to travel to Defendant's corporate office in Maryland. (Id. ¶ 14.) In his complaint, Plaintiff does not allege to have traveled to the Middle District of Pennsylvania in connection with his employment for Defendant.

## II.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). District courts have the discretion to transfer civil actions "if the transfer is warranted by the convenience of parties and witnesses and promotes the interests of justice." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Although a district court has discretion under Section 1404, a motion to transfer is not to be liberally granted. High River P'ship v. Mylan Labs., Inc., 353 F. Supp. 2d 487, 491 (M.D. Pa. 2005). The burden of establishing the need to transfer rests with the movant, and Plaintiff's choice of venue "should not be lightly disturbed." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).

To establish whether transfer is warranted, the Court must first determine whether the action "might have been brought" in the proposed transferee district. High River, 353 F. Supp. 2d at 492. If the action may have been brought in the proposed district, then the Court must determine whether the matter should be transferred. The United States Court of Appeals for the Third Circuit has identified twelve non-exhaustive factors for a court to consider when determining whether a matter should be transferred to another venue. Jumara, 55 F.3d at 879 ("While there is no definitive formula or list of the factors to consider . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a)." (internal citations omitted)). Those factors include: (1) the plaintiff's forum preference as

manifested in the original choice; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that witnesses may actually be unavailable for trial in one of the fora; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

## III.  DISCUSSION

At the outset, the Court finds that venue is proper in the District of Maryland. Venue is proper "where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b). Because the only defendant in this case is headquartered in Maryland, venue is proper in the District of Maryland. Plaintiff concedes that this action could have been brought in the District of Maryland. (Doc. No. 17 at 3.) Thus, because this action could have been brought in the District of Maryland, the Court must examine private and public interest factors to determine whether transfer will promote the convenience of the parties and witnesses and whether transfer is in the interest of parties.

### A.   Plaintiff's Forum Preference

The first private interest factor weighs slightly against transfer. The Plaintiff's forum choice in this case is entitled to little deference. Typically, a plaintiff's forum choice is entitled to considerable deference. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

"However, the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district." Cameli v. WNEP-16 the News Station, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001). The deference is further reduced when a plaintiff has chosen to litigate away from his or her "home turf," absent a legitimate, rational reason. Teleconference Sys. v. Proctor & Gamble Pharm., 676 F. Supp. 2d 321, 330 (D. Del. 2009). Here, Plaintiff chose to litigate in the Middle District of Pennsylvania, where none of the operative facts alleged in Plaintiff's complaint occurred. Further, Plaintiff resides in Colorado, thus he has chosen to litigate away from his "home turf." There appears to be no legitimate, rational reason for this case to be litigated in the Middle District of Pennsylvania. Plaintiff's only support for bringing this action in Pennsylvania is that Defendant does business in Pennsylvania, and that Plaintiff actively pursued business in Pennsylvania for Defendant. (Doc. No. 17 at 4.) Plaintiff does not allege that the operative facts in this case are in any way connected to his pursuit of business in Pennsylvania for Defendant. Thus, while Plaintiff's forum choice is entitled to some deference, this factor weighs only slightly against transfer of venue.

**B.     Defendant's Preference**

Defendant prefers to litigate this matter in the District of Maryland. While this factor weighs in favor of transfer, Defendant's preference is "entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp. 2d 728, 730 (E.D. Pa. 2003).

**C.     Where the Claims Arose**

The claims in this case arose outside of the Middle District of Pennsylvania. According to Plaintiff's complaint, he was employed by Defendant in Colorado and Maryland. Defendant is headquartered in Germantown, Maryland. Defendant's decision to terminate Plaintiff did not occur in the Middle District of Pennsylvania. Plaintiff concedes that the claims in this case arose outside of the Middle District of Pennsylvania. Thus, this factor weighs in favor of transfer.

### D.     Convenience of the Parties

Next, the Court must consider the convenience of the parties "as indicated by their relative physical and financial condition." Jumara, 55 F.3d at 879. This factor weighs in favor of transfer. Defendant's headquarters and principal place of business is in Germantown, Maryland. (See Doc. No. 1 ¶ 14.) Thus, it would be more convenient for Defendant to litigate in Maryland.

Plaintiff resides in Colorado; he is unemployed. Plaintiff argues that it would be convenient for him to litigate in Harrisburg, because he grew up in the area and has sisters who live in Hummelstown and Dillsburg, Pennsylvania, where he can stay while attending any deposition or trial in Harrisburg. (Doc. No. 17 at 5.) Plaintiff asserts that Defendant is a large, public corporation that earns significant revenue and can easily bear the expense of traveling the ninety-two miles from its headquarters in Maryland to Harrisburg. (Doc. No. 17 at 6.)

Plaintiff's interest in litigating this action in Pennsylvania is entitled to little deference. Plaintiff's argument that Defendant would not be prejudiced by traveling the ninety-two miles from Maryland to Harrisburg applies with equal force against him; should Plaintiff choose to stay with his family in Hummelstown or Dillsburg, he will not be unduly prejudiced by traveling to the neighboring District of Maryland. Plaintiff resides in Colorado. If he could not afford to

5

travel to Maryland to litigate this action, he could have initiated this matter in the District of Colorado, where he was employed by Defendant. Instead, he chose to file his complaint in the Middle District of Pennsylvania, where none of the operative facts occurred, and where neither of the parties reside. Because Defendant resides in Maryland, the Court finds that the convenience of the parties favors transfer of this action to the District of Maryland.

### E.   Convenience of the Witnesses

The convenience of the witnesses weighs in favor of transfer. Defendant has stated, in an affidavit, that the potential witnesses in the instant action are current or former Comtech employees who worked at or reported into corporate headquarters in Maryland. (Doc. No. 15-1 ¶ 18.) Defendant has also asserted that it is not aware of any potentially relevant witnesses within the Middle District of Pennsylvania. (Id. ¶¶ 17-18.) Plaintiff argues that it will not be oppressive for Defendant's potential witnesses to be present in Harrisburg for a trial, noting that two of the individuals identified in his complaint reside outside of Maryland. (Doc. No. 17 at 7.) Because neither party has identified any witnesses that reside in Pennsylvania, and Defendant has asserted that the potential witnesses in this action all worked at or reported into Defendant's headquarters in Maryland, the Court finds that this factor weighs in favor of transfer.

### F.   Location of the Books and Records

The sources of proof relevant to this action are more closely linked to Maryland than the Middle District of Pennsylvania. Personnel records and other relevant books and records are located in Maryland, at Defendant's headquarters. (Doc. No. 15-1 ¶ 16.) However, this factor weighs only slightly in favor of transfer, because the burden of transporting relevant records is minimal, given the proximity of Harrisburg to Germantown, Maryland, and considering the

technological advances that allow documents to be transmitted electronically.

### G. Public Factors

None of the public factors in this case weigh against transfer, while some weigh in favor of transfer. First, a judgment can be enforced in either forum; thus, this factor is neutral to the Court's analysis. Second, practical considerations make it more easy, expeditious, and inexpensive for this case to be litigated in the District of Maryland, where Defendant is headquartered, as opposed to the Middle District of Pennsylvania, where neither party resides and where none of the relevant events occurred. Third, the relative administrative difficulty in the two fora is neutral to the Court's analysis; there are judicial vacancies in both the Middle District of Pennsylvania and the District of Maryland, and both districts manage a heavy docket of cases. Fourth, there is no local interest in having this case decided in the Middle District of Pennsylvania, as none of the conduct in this case occurred in Pennsylvania. Finally, neither the public policy of the Middle District of Pennsylvania, nor the familiarity of the trial judge with the applicable state law have any impact on the Court's decision.

## IV. CONCLUSION

Upon weighing the factors identified by the Third Circuit in <u>Jumara</u>, the Court is satisfied that a transfer of the instant matter to the District of Maryland is convenient to the parties and witnesses and is in the interest of justice. Venue lies in the District of Maryland. Plaintiff's choice of forum is entitled to little deference, because none of the operative facts occurred in the Middle District of Pennsylvania, and neither party resides in the Middle District. On the other hand, Defendant is headquartered in Maryland, and all of the potential witnesses have a connection to Maryland through their past or present employment with Defendant. Further, the

sources of proof in this care are located in Maryland.

**ACCORDINGLY**, on this 28th day of June 2012, **IT IS HEREBY ORDERED THAT** Defendant's motion to transfer venue (Doc. No. 9) is **GRANTED**.  The Clerk of Court is directed to transfer the case to the District of Maryland and to close the file.

/s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania